UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X

REALPAGE, INC,                                          :

                                                        :

                                   Plaintiff,           :

                                                        :

                   -against-                            :

                                                        :

LETITIA JAMES, *in her official capacity as*            :
*the Attorney General of the State of New York*,        :

                                                        :

                                                        :

                                                        :

                                  Defendant.            :

-------------------------------------------------------------- X

| USDC SDNY |
| DOCUMENT |
| ELECTRONICALLY FILED |
| DOC #:_____ |
| DATE FILED: 12/10/2025 |

25-CV-09847 (VEC)

ORDER

VALERIE CAPRONI, United States District Judge:

WHEREAS Plaintiff moved to maintain under seal portions of the Declaration of Lorin Hitt, Ph.D., at Dkt. 24, specifically Exs. 5(A) & 5(B) on page 17, the specific property names referenced in ¶ 35 that correspond to Exs. 5(A) & 5(B), and Exs. 20(A) & 20(B) on page 36, December 8, 2025, Letter, Dkt. 29;

WHEREAS there is a presumption of public access to court records rooted in both the First Amendment and federal common law, *United States ex rel. United States v. Am. Univ. of Beirut*, 718 F. App'x 80, 81 (2d Cir. 2018);

WHEREAS to overcome that presumption, courts must find that sealing is (1) "necessary to preserve higher values" and (2) "narrowly tailored to achieve that aim," *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 124 (2d Cir. 2006);

WHEREAS avoiding the disclosure of a third party's confidential business information can be considered a higher value, *Markowitz v. KBI Servs.*, 2021 WL 4555833, at *2 (S.D.N.Y.

Oct. 5, 2021) ("Courts in the Second Circuit routinely hold that such 'higher values' include protecting from disclosure proprietary, sensitive, and confidential business information.");

WHEREAS the figures that Plaintiff seeks to seal show specific information on actual rent prices that the software recommended at particular buildings in particular months and how much the software recommended modifying those rents at those buildings, Dkt. 29, at 3;

WHEREAS Plaintiff argues that disaggregated and deanonymized information on recommended 2023-2024 rent prices and the direction and magnitude of changes in the software's pricing recommendations would provide competitors insights into the pricing practices and overall asset strategy of the owners of those properties, Dkt. 29, at 3;

WHEREAS Plaintiff moved to redact not only the property names but also the data contained in the figures that reveals the pricing recommendations, *see* Dkt. 24, at 17, 36;

WHEREAS Plaintiff's customers, third parties to this suit, have an interest in specific pricing recommendations not being connected back to them in a public forum; and

WHEREAS the public has an interest in understanding the recommendations themselves, especially as Plaintiff refers to, among other things, the recommendations' directionality in its papers, *see* Memorandum of Law, Plaintiff's Motion for Preliminary Injunction, Dkt. 20, at 20.

IT IS HEREBY ORDERED that Plaintiff's motion is GRANTED IN PART.  Plaintiff may redact the property names in ¶ 35 on page 16, as requested, and the keys to the figures, but not the figures themselves, in Exs. 5(A) & 5(B) on page 17 and Exs. 20(A) & 20(B) on page 36.

**SO ORDERED.**

_____

**Date:  December 10, 2025**                              **VALERIE CAPRONI**
    **New York, New York**                          **United States District Judge**

2