UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/22/2025

| | |
|---|---|
| REALPAGE, INC.,<br><br>                Plaintiff,<br><br>     v.<br><br>LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,<br><br>                Defendant. | Case No. 1:25-cv-9847-VEC |

## STIPULATION AND ORDER REGARDING PRODUCTION OF DATA UNDERLYING THE DECLARATION OF LORIN HITT, PH.D.

WHEREAS, Plaintiff RealPage, Inc. ("Plaintiff") submitted the Declaration of Lorin Hitt, Ph.D. in Support of Plaintiff's Motion for a Preliminary Injunction (ECF No. 25);

WHEREAS, Defendant Letitia James ("Defendant," and together with Plaintiff, the "Parties") has requested the data and non-public information relied upon by Dr. Hitt in his Declaration (hereinafter, the "Underlying Materials");

WHEREAS, the Underlying Materials contain highly sensitive, proprietary, and non-public commercial information which Plaintiff contends requires "Attorneys' Eyes Only" protection;

WHEREAS, the Parties agree that entry of this Order is necessary to facilitate the immediate production of the Underlying Materials; and

WHEREAS, the Parties have agreed to be bound by the terms of this Stipulation immediately upon its execution, regardless of when the Court enters this Order;

IT IS HEREBY ORDERED that the Parties and their counsel will adhere to the following terms regarding the Underlying Materials:

1

1.    **Designation as Attorneys' Eyes Only.**  The Underlying Materials are hereby designated as "Attorneys' Eyes Only."  This designation applies immediately upon production.

2.    **Native File Designation.** Because the Underlying Materials may include electronically stored files or documents in native electronic file format, Plaintiff may designate such files under this Order by: (i) appending the suffix "ATTORNEYS' EYES ONLY" or "AEO" to the file name or document production number; (ii) including the designation in reasonably accessible metadata associated with the file; or (iii) stating in a cover letter or transmittal email accompanying the production that the production (or specific portions thereof) is designated as "Attorneys' Eyes Only."

3.    **Restrictions on Disclosure.**  The Underlying Materials may be disclosed only to: (a) Outside counsel for the Parties and their support staff; (b) The Parties (including officers, directors, and employees of Plaintiff and employees of the Office of the New York State Attorney General to the extent necessary for the prosecution or defense of this action); (c) Expert witnesses or consultants retained by the Parties or their counsel to assist in this action, provided such experts have signed the Non-Disclosure Agreement attached hereto as Exhibit A prior to any disclosure; (d) The Court and its personnel; (e) Vendors retained by counsel for copying, scanning, or electronic discovery services; and (f) The author or recipient of a document containing the Underlying Materials, or a custodian or other person who otherwise possessed or knew the information.

4.    **Limitations on Use.**  The Underlying Materials shall be used by Defendant (including, as stated in subparagraphs 3(a) and (b), Defendant's outside counsel, their support staff, or employees of the Office of the New York State Attorney General) solely for the prosecution or defense of this action and shall not be used for any business, commercial,

2

competitive, personal, or other purpose.

5.    **Expert Protocol.**  Prior to disclosing the Underlying Materials to any expert or consultant, counsel must secure the expert's signature on the Non-Disclosure Agreement (Exhibit A).  Counsel must retain the signed Exhibit A and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case.

6.    **No Waiver of Privilege (Fed. R. Evid. 502(d)).**  The production of privileged or work-product protected documents, electronically stored information, or information within the Underlying Materials, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.  This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d).

7.    **Conclusion of Litigation.**  Within 60 days of the final disposition of this action (including appeals), the Underlying Materials shall be returned to the designating party or destroyed, with written certification of such destruction provided to the designating party.

Notwithstanding anything to the contrary in this agreement, the parties must comply with the Undersigned's Individual Rules of Practice in Civil Cases when filing confidential information with the Court.

SO STIPULATED AND AGREED,

Dated: December 18, 2025

Dated: December 18, 2025

By: */s/ Yuval Rubinstein*
    STATE OF NEW YORK
    OFFICE OF THE ATTORNEY GENERAL

    Yuval Rubinstein
    Assistant Attorney General
    28 Liberty Street
    New York, New York 10005
    Tel: (212) 416-8673
    Email: Yuval.rubinstein@ag.ny.gov

    *Counsel for Defendant Letitia James*

By: */s/ Theodore J. Boutrous Jr.*
    Theodore J. Boutrous Jr.
        tboutrous@gibsondunn.com
    Jay P. Srinivasan (*pro hac vice*)
        jsrinivasan@gibsondunn.com
    Bradley J. Hamburger (*pro hac vice*)
        bhamburger@gibsondunn.com
    Alexander N. Harris (*pro hac vice*)
        aharris@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
    333 South Grand Ave.
    Los Angeles, CA  90071-3197
    Telephone: 213.229.7000

    Connor S. Sullivan
        cssullivan@gibsondunn.com
    Jacob U. Arber
        jarber@gibsondunn.com
    Michael Klurfeld
        mklurfeld@gibsondunn.com
    Iason Togias
        itogias@gibsondunn.com
    GIBSON, DUNN & CRUTCHER LLP
    200 Park Avenue
    New York, NY  10166-0193
    Telephone:  212.351.4000

    *Counsel for Plaintiff RealPage, Inc.*

SO ORDERED.

Dated:  December 22, 2025
    New York, NY

    HON. VALERIE CAPRONI
    UNITED STATES DISTRICT JUDGE

# Exhibit A

i

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REALPAGE, INC.,

                        Plaintiff,

            v.                                                  Case No. 1:25-cv-9847-VEC

LETITIA JAMES, in her official capacity as
the Attorney General of the State of New
York,

                        Defendant.

## PROTECTIVE ORDER ACKNOWLEDGEMENT & CERTIFICATION

I, _____, declare under penalty of perjury that:

1.      My address is _____.

        My current employer is _____.

        My employer's address is _____.

        My current occupation is _____.

2.      I have received a copy of the Stipulation and [Proposed] Order Regarding Production of Data Underlying the Declaration of Lorin Hitt, Ph.D. (the "Order") in the above-captioned action.  I have carefully read and understand the provisions of the Order.

3.      I will comply with all of the provisions of the Order and agree to be bound by it. I will hold in confidence, will not disclose to anyone not qualified under the Order, and will use only for purposes set forth in the Order the Underlying Materials that are disclosed to me.

4.      Promptly upon termination of the action (including appeals), I will either return in full to the outside counsel for the party by whom I am employed or completely destroy the Underlying Materials that came into my possession, and all documents and things that I have

ii

prepared relating thereto.

5.      I understand that the obligations of this undertaking and the provisions of the Order continue past the termination of the action.

6.      I hereby submit to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of enforcement of the Order.


Dated: _____        Signature: _____

iii