# EXHIBIT 1



111 Washington Ave
Suite 600
Albany, NY 12210
o (518) 426-3800

July 15, 2025

**<u>VIA ELECTRONIC MAIL</u>**
Roger D. Maldenado, Esq.
Assistant Counsel to the Governor
919 Third Avenue, 45th Floor
New York, NY 10022

**Re: S.7882 (Hoylman-Sigal) / A.1417-B (Rosenthal)**

Dear Mr. Maldenado:

In response to your July 3rd email requesting positions on pending legislation, the Apartment Trade Society of New York (APTS of NY) respectfully submits its opposition to S.7882 (Hoylman-Sigal) / A.1417-B (Rosenthal). This bill would amend the state's antitrust law to prohibit the facilitation of, or participation in, non-compete agreements between residential rental property owners, including restrictions on algorithmic tools that utilize private data from multiple landlords to make rental or occupancy recommendations.

For your review, we are attaching APTS of NY's previously issued Memo in Opposition to the Legislature. We now write to update our position and respectfully suggest that if a veto is not forthcoming, a chapter amendment be considered to address an area of potential overreach, specifically, the bill's treatment of publicly available data.

**Concern: Overbreadth of GBL §340-b(1)(c) "Coordinating Function" Definition**

As currently drafted in the proposed legislation, GBL §340-b(1)(c) broadly defines a "coordinating function" to include:

- Collecting rental price and supply data from two or more owners or managers;
- Analyzing such data using software or computation;
- Making pricing or leasing recommendations.

Without clarification, this language could inadvertently criminalize routine, lawful business practices, particularly those relying on publicly available data. Many housing providers, including small landlords, use third-party tools and market analytics that pull from public sources such as online listings and government reports. These activities are not collusive and do not restrict competition; rather, they promote transparency and informed pricing decisions.

**Risk of Unintended Consequences**

Absent a clear safe harbor, the bill may:



- Penalize routine lawful practices used by property owners to understand the market;
- Create confusion for small and independent operators relying on third-party tools;
- Chill transparency and technological innovation in the rental housing sector;
- Encourage less informed pricing decisions, hurting both owners and renters.

Put simply, this bill could do what no sound public policy should: outlaw facts. Data that is already publicly accessible, such as advertised rents or occupancy trends, should not be treated as suspicious or illegal when aggregated or analyzed.

**Recommended Amendment: Create and Explicit Safe Harbor for Public Data**

To preserve the bill's core purpose while preventing overreach, we propose a chapter amendment establishing a clear safe harbor for the use of publicly available data. Such an amendment could clarify that GBL §340-b does not apply to:

- Data published by government entities or housing authorities;
- Rental listings and terms publicly posted on websites or on third-party platforms;
- Aggregated or anonymized information freely accessible to the public;
- Information any member of the public could obtain by directly contacting an apartment community, such as asking rents, promotions or availability.

**Policy Benefits of This Amendment**

- Ensures the law does not criminalize non-collusive digital rental tools;
- Prevents unintended consequences for lawful technology users;
- Protects transparency and fair housing data access;
- Promotes innovation and efficient rental market operations;
- Provides practical, enforceable antitrust protections;
- Doesn't outlaw facts: preserves the bill's intent while safeguarding factual access to public information.

We respectfully urge the Governor's Office to veto the bill. If a veto is not forthcoming, however, we ask that the Executive consider the narrowly tailored amendment referenced above. APTS of NY is available to assist with proposed language, legal analysis, or testimony to support these changes.

Thank you for your consideration.

Park Strategies, LLC