

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

April 7, 2026

**By ECF**
Honorable Valerie Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

  Re: *RealPage, Inc. v. James*, SDNY No. 25-cv-9847 (VEC)

Dear Judge Caproni:

  This Office represents defendant Letitia James, in her official capacity as New York State Attorney General ("Defendant"), in the above-captioned action. I write to briefly respond to Plaintiff RealPage Inc.'s ("Plaintiff") purported "notice of supplemental authority" filed on April 3, 2026 concerning the Supreme Court's March 31, 2026 decision in *Chiles v. Salazar*, 607 U.S.__, 2026 WL 872307 (Mar. 31, 2026). *See* ECF No. 48. Plaintiff's two-page "notice" is replete with legal argument that mostly rehashes Plaintiff's briefs, and constitutes an improper sur-reply filed without leave of Court. For this reason alone, the purported notice should be disregarded.

  Moreover, *Chiles* further demonstrates that Plaintiff's First Amendment claim is deficient as a matter of law. The Supreme Court held that a Colorado statute prohibiting licensed counselors from engaging in "conversion therapy" was subject to strict scrutiny as applied to the "talk therapist" plaintiff. ECF No. 48-1, *Chiles v. Salazar* Slip Op. at 11. But the Court also cited to *Giboney v. Empire Storage & Ice Co.*, 336 U.S. 490, 502 (1949), the primary case Defendant relies upon, to reaffirm that a statute that "restricts speech only because it is integrally related to unlawful conduct" is not subject to strict scrutiny. Slip Op. at 17. In addition, the Court cited to the *amicus* brief of Professor Eugene Volokh that discussed the scope of *Giboney*. *Id.* Professor Volokh echoed Defendant's argument that *Giboney* forecloses Plaintiff's First Amendment challenge to S.7882. ECF No. 40 at 9-12; ECF No. 47 at 2-6. *See* Brief of *Amicus Curiae* Professor Eugene Volokh, No. 24-539, at 10, https://tinyurl.com/mrje6725 (*Giboney* is "a basis for laws that ban conspiracies to engage in illegal conduct, such as conspiracies to restrain trade. *See Sorrell v. IMS Health Inc.*, 564 U.S. 552, 567 (2011) (citing *Giboney* for the proposition that antitrust law can constitutionally prohibit "agreements in restraint of trade"); *Ohralik*, 436 U.S. at 456 (1978) (same). Such conspiracies fit neatly within the speech integral to illegal conduct exception, because they tend to cause a distinct, nonspeech crime.").

  Accordingly, *Chiles* bolsters Defendant's argument that S.7882, which adds a new subsection to New York's 1899 antitrust statute known as the Donnelly Act, is integrally related to

Honorable Valerie Caproni                                        Page 2 of 2
April 7, 2026

a regulation of anticompetitive conduct. Moreover, Plaintiff's attempted comparison of S.7882 with Colorado's ban on conversion therapy is baseless, as the conduct regulated by that statute was concededly lawful. Slip Op. at 17 (plaintiff "seeks to speak with interested clients about steps they might take to change unwanted behaviors, expressions, or attractions related to sexual orientation or gender identity—conduct Colorado itself does not dispute those clients (or anyone else) may lawfully undertake").

Defendant thanks the Court for its time and consideration of this matter.

Respectfully submitted,

/s/_____

Yuval Rubinstein
Special Litigation Counsel
(212) 416-8673
yuval.rubinstein@ag.ny.gov

cc:    All Counsel of Record (via ECF)