

**Office of the New York State
Attorney General**

**Letitia James
Attorney General**

August 13, 2026

**<u>Via ECF</u>**
Honorable Valerie Caproni
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

      Re:    *RealPage, Inc. v. James*, SDNY No. 25-cv-9847 (VEC)

Dear Judge Caproni:

      This Office represents defendant Letitia James, in her official capacity as New York State Attorney General ("Defendant"), in the above-referenced action. I write to briefly respond to Plaintiff RealPage Inc.'s ("Plaintiff") notice of supplemental authority filed on August 10, 2026 concerning the Second Circuit's August 5, 2026 decision in *DoorDash, Inc. v. City of New York*, 2026 WL 224919 (2d Cir. Aug. 5, 2026) ("Opinion"). *See* ECF No. 50. Plaintiff incorrectly claims the *DoorDash* opinion supports its argument that the amendment to New York's antitrust statute challenged in this case, S.7882, does not satisfy intermediate scrutiny under *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557 (1980).

      *DoorDash* involved a challenge to a New York City regulation that required third-party delivery platforms to share with a restaurant five categories of customer information: (1) full name, (2) telephone number, (3) email address, (4) delivery address, and (5) order contents. ECF No. 50-1, Opinion at 9. The Second Circuit determined that this compelled disclosure was not subject to the deferential standard of review under *Zauderer v. Office of Disciplinary Counsel of Supreme Ct. of Ohio*, 471 U.S. 626 (1985) because it did not pertain to the "speaker's own goods or services." Opinion at 14. The Second Circuit further determined that the City did not satisfy *Central Hudson*'s fourth prong, requiring a "reasonable fit" between the means and ends of the statute, as the City could have considered an opt-in requirement for customers who asked to be reached. *Id.* at 21.

      However, *DoorDash* is inapposite to the antitrust provision at issue in this case. First, and most fundamentally, this case does not involve a compelled commercial speech disclosure requirement, but instead involves a regulation of anticompetitive conduct. Indeed, the Second Circuit had no occasion in *DoorDash* to decide whether the City's disclosure requirement regulated speech, as the City did not raise this issue on appeal. Opinion at 10.

      Moreover, Defendant argued that the Legislature's focused targeting of the algorithmic "coordination function" promoted by Plaintiff and other technology companies, which enables landlords to hike rents, constitutes a "reasonable fit" under *Central Hudson*'s fourth prong. ECF

No. 40 at 19. And in response to Plaintiff's assertion that Defendant could enforce existing antitrust law, Defendant emphasized that it was fully appropriate for the Legislature to bolster New York's nineteenth century antitrust statute, known as the Donnelly Act, to account for new technologies that facilitate anticompetitive conduct. *Id.* at 19-20.[1]

Notably, Plaintiff's August 10 letter fails to address Defendant's arguments *at all*. Plaintiff instead mischaracterizes Defendant's position, claiming Defendant was asserting that no evidence was required to satisfy *Central Hudson*'s fourth prong. ECF No. 50 at 2. To be clear, Defendant was noting that it need not retain an expert and establish a current *antitrust violation* by Plaintiff under S.7882 to defend the statute's *constitutionality* under the First Amendment, a position supported by decades of Supreme Court precedent. ECF No. 40 at 23-24; ECF No. 47 at 6 & n.5.

Because Plaintiff's August 10 letter leaves Defendant's actual arguments unaddressed regarding *Central Hudson*'s fourth prong, the letter further demonstrates why Plaintiff's motion for a preliminary injunction should be denied, in the event the Court determines that S.7882 regulates speech and not anticompetitive conduct.

Defendant thanks the Court for its time and consideration of this matter.

Respectfully submitted,

/s/_____
Yuval Rubinstein
Special Litigation Counsel
(212) 416-8673
yuval.rubinstein@ag.ny.gov

---

[1] Indeed, the Second Circuit's recent decision in *Real Estate Bd. of New York, Inc. v. City of New York*, 182 F.4th 140, 160-61 (2d Cir. 2026), which upheld the City's ban on broker's fees under the *Central Hudson* framework, further demonstrates why Defendant's showing in this case satisfies *Central Hudson*'s fourth prong.