UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REALPAGE, INC.,

Plaintiff,

- against -

LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,

Defendant.

Case No. 1:25-cv-9847 (VEC)

**ANSWER**

Defendant Letitia James ("Defendant"), in her official capacity as New York Attorney General, as and for her Answer to the Complaint dated November 26, 2025 (ECF No. 1), responds as follows:

1. Denies the allegations set forth in paragraph 1 of the Complaint, and respectfully refers the Court to S.7882, as codified in N.Y. Gen. Bus. Law ("GBL") § 340-b (the "Act"), for a complete and accurate statement of its contents.

2. Denies the allegations set forth in paragraph 2 of the Complaint, except admits that Governor Kathy Hochul signed the Act into law on October 16, 2025, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

3. Denies the allegations set forth in paragraph 3 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

4. Denies the allegations set forth in paragraph 4 of the Complaint, and respectfully refers the Court to the Act, legislative history and case cited therein for a complete and accurate statement of their contents.

5. Denies knowledge or information sufficient to form a belief as to the truth of the

allegations set forth in paragraph 5 of the Complaint, inclusive of footnote 2, and respectfully refers the Court to the consent decree and cases cited therein for a complete and accurate statement of their contents.

6. Denies the allegations set forth in paragraph 6 of the Complaint, and respectfully refers the Court to the Act, constitutional provision, and cases cited therein for a complete and accurate statement of their contents.

7. Denies the allegations set forth in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 8 of the Complaint.

9. Admits the allegations set forth in paragraph 9 of the Complaint, and respectfully refers the Court to GBL § 342 for a complete and accurate statement of its contents.

10. Denies the allegations set forth in paragraph 10 of the Complaint, except admits that Plaintiff purports to invoke the Court's jurisdiction as set forth therein, and respectfully refers the Court to the statutes and cases cited therein for a complete and accurate statement of their contents.

11. Denies the allegations set forth in paragraph 11 of the Complaint, and respectfully refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

12. Denies the allegations set forth in paragraph 12 of the Complaint, and respectfully refers the Court to the Act and case cited therein for a complete and accurate statement of their contents.

13. Denies the allegations set forth in paragraph 13 of the Complaint, except admits that Defendant is a citizen of the State of New York and conducts official duties in her capacity as

Attorney General of the State of New York, and respectfully refers the Court to the federal rule of civil procedure cited therein for a complete and accurate statement of its contents.

14. Denies the allegations set forth in paragraph 14 of the Complaint, except admits that Plaintiff purports to base venue as set forth therein, and respectfully refers the Court to the statutes cited therein for a complete and accurate statement of their contents.

15. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 of the Complaint.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 of the Complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 of the Complaint.

18. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 of the Complaint.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 of the Complaint.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 of the Complaint, and respectfully refers the Court to the complaints in the lawsuits cited therein for a complete and accurate statement of their contents.

21. Denies the allegations set forth in paragraph 21 of the Complaint, except admits that Senator Brad Hoylman-Sigal sponsored the Act in the New York State Senate, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

22. Denies the allegations set forth in paragraph 22 of the Complaint, and respectfully refers the Court to the Act, news article and complaints in the lawsuits cited therein for a complete

and accurate statement of their contents.

23. Denies the allegations set forth in paragraph 23 of the Complaint, except admits that the Act passed the New York State Senate on June 9, 2025, and respectfully refers the Court to the Act and news article cited therein for a complete and accurate statement of their contents.

24. Denies the allegations set forth in paragraph 24 of the Complaint, and respectfully refers the Court to the Act and news articles cited therein for a complete and accurate statement of their contents.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 of the Complaint.

26. Denies the allegations set forth in paragraph 26 of the Complaint, and respectfully refers the Court to the Act and legislative history cited therein for a complete statement of their contents.

27. Denies the allegations set forth in paragraph 27 of the Complaint, and respectfully refers the Court to the Act and legislative history cited therein for a complete and accurate statement of their contents.

28. Denies the allegations set forth in paragraph 28 of the Complaint, and respectfully refers the Court to the Act and legislative history cited therein for a complete and accurate statement of their contents.

29. Denies the allegations set forth in paragraph 29 of the Complaint, and respectfully refers the Court to the Act and legislative history cited therein for a complete and accurate statement of their contents.

30. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 30 of the Complaint, and respectfully refers the Court to the Act

and legislative history cited therein for a complete and accurate statement of their contents.

31. Admits the allegations set forth in paragraph 31 of the Complaint.

32. Denies the allegations set forth in paragraph 32 of the Complaint, except admits that the Governor's office issued a press release, dated October 16, 2025, regarding the Act, and respectfully refers the Court to that document for a complete and accurate statement of its contents.

33. Admits the allegations set forth in paragraph 33 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

34. Admits the allegations set forth in paragraph 34 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

35. Admits the allegations set forth in paragraph 35 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of their contents.

36. Admits the allegations set forth in paragraph 36 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

37. Admits the allegations set forth in paragraph 37 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

38. Denies the allegations set forth in paragraph 38 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

39. Admits the allegations set forth in paragraph 39 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

40. Denies the allegations set forth in paragraph 40 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

41. Paragraph 41 of the Complaint sets forth a conclusion of law to which no response is required, and Defendant respectfully refers the Court to the case and constitutional provision

cited therein for a complete and accurate statement of their contents.

42. Denies the allegations set forth in paragraph 42 of the Complaint, and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their contents.

43. Denies the allegations set forth in paragraph 43 of the Complaint, and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their contents.

44. Denies the allegations set forth in paragraph 44 of the Complaint, and respectfully refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

45. Denies the allegations set forth in paragraph 45 of the Complaint, and respectfully refers the Court to the case cited therein for a complete and accurate statement of its contents.

46. Denies the allegations set forth in paragraph 46 of the Complaint, and respectfully refers the Court to the cases cited therein for a complete and accurate statement of their contents.

47. Denies the allegations set forth in paragraph 47 of the Complaint, and respectfully refers the Court to the Act and case cited therein for a complete and accurate statement of its contents.

48. Denies the allegations set forth in paragraph 48 of the Complaint, and respectfully refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

49. Denies the allegations set forth in paragraph 49 of the Complaint, and respectfully refers the Court to the Act and case cited therein for a complete and accurate statement of their contents.

50. Denies the allegations set forth in paragraph 50 of the Complaint, and respectfully refers the Court to the Act, constitutional provision and cases cited therein for a complete and

accurate statement of their contents.

51. Denies the allegations set forth in paragraph 51 of the Complaint, and respectfully refers the Court to the Act, constitutional provision and cases cited therein for a complete and accurate statement of their contents.

52. Denies the allegations set forth in paragraph 52 of the Complaint, and respectfully refers the Court to the Act and case cited therein for a complete and accurate statement of their contents.

53. Denies the allegations set forth in paragraph 53 of the Complaint, and respectfully refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

54. Denies the allegations set forth in paragraph 54 of the Complaint, and respectfully refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

55. Denies the allegations set forth in paragraph 55 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

56. Denies the allegations set forth in paragraph 56 of the Complaint, and respectfully refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

57. Denies the allegations set forth in paragraph 57 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

58. Denies the allegations set forth in paragraph 58 of the Complaint, and respectfully refers the Court to the Act, statutes and cases cited therein for a complete and accurate statement of their contents.

59. Denies the allegations set forth in paragraph 59 of the Complaint, and respectfully refers the Court to the Act, cases and website cited therein for a complete and accurate statement of their contents.

60. Denies the allegations set forth in paragraph 60 of the Complaint, and respectfully refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

61. Denies the allegations set forth in paragraph 61 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

62. Denies the allegations set forth in paragraph 62 of the Complaint, and respectfully refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

63. Denies the allegations set forth in paragraph 63 of the Complaint, and respectfully refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

64. Denies the allegations set forth in paragraph 64 of the Complaint, and respectfully refers the Court to the Act, constitutional provision and cases cited therein for a complete and accurate statement of their contents.

65. Denies the allegations set forth in paragraph 65 of the Complaint, except admits that the Office of the New York State Attorney General investigated Plaintiff in or around 2023 and 2024.

66. Denies the allegations set forth in paragraph 66 of the Complaint, except denies knowledge or information sufficient to form a belief as to the truth of the allegation concerning what Plaintiff allegedly advised its New York customers, and respectfully refers the Court to the

Act, constitutional provision and cases cited therein for a complete and accurate statement of their contents.

67. In response to the allegations set forth in paragraph 67 of the Complaint, Defendant reiterates and incorporates by reference her responses to the allegations set forth in paragraphs 1 through 66 of the Complaint as if fully set forth herein.

68. Denies the allegations set forth in paragraph 68 of the Complaint, and respectfully refers the Court to the Act, constitutional provision and cases cited therein for a complete and accurate statement of their contents.

69. Denies the allegations set forth in paragraph 69 of the Complaint, and respectfully refers the Court to the Act and case cited therein for a complete and accurate statement of their contents.

70. Denies the allegations set forth in paragraph 70 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

71. Denies the allegations set forth in paragraph 71 of the Complaint, and respectfully refers the Court to the Act for a complete and accurate statement of its contents.

72. Denies the allegations set forth in paragraph 72 of the Complaint, and respectfully refers the Court to the Act and its legislative history for a complete and accurate statement of their contents.

73. Denies the allegations set forth in paragraph 73, and respectfully refers the Court to the Act and cases cites therein for a complete and accurate statement of their contents.

74. Denies the allegations set forth in paragraph 74, and respectfully refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

75. Denies the allegations set forth in paragraph 75 of the Complaint, and respectfully

refers the Court to the Act and cases cited therein for a complete and accurate statement of their contents.

76. Denies the allegations set forth in paragraph 76 of the Complaint, and respectfully refers the Court to the Act and constitutional provision cited therein for a complete and accurate statement of their contents.

77. Paragraph 77 of the Complaint sets forth a conclusion of law to which no response is required, and Defendant respectfully refers the Court to the constitutional and statutory provisions cited therein for a complete and accurate statement of their contents.

78. Denies the allegations set forth in paragraph 78 of the Complaint, and respectfully refers the Court to Act and constitutional provision cited therein for a complete and accurate statement of their contents.

79. In response to the allegations set forth in paragraph 79 of the Complaint, Defendant reiterates and incorporates by reference her responses to the allegations set forth in paragraphs 1 through 78 of the Complaint as if fully set forth herein.

80. Paragraph 80 of the Complaint sets forth a conclusion of law to which no response is required, and Defendant respectfully refers the Court to the statutory provision cited therein for a complete and accurate statement of its contents.

81. Denies the allegations set forth in paragraph 81 of the Complaint, and respectfully refers the Court to the statutory provision cited therein for a complete and accurate statement of its contents.

82. As to the Prayer for Relief on pages 27-28 of the Complaint, Defendant denies that Plaintiff is entitled to any of the relief requested in ¶¶ (A) to (D).

**DEFENSES**

83. Without assuming the burden of proof on any matters where the burden properly rests on Plaintiff, Defendant asserts the following defenses with respect to the claims that Plaintiff purports to set forth in the Complaint:

**AS AND FOR THE FIRST DEFENSE**

84. The Court lacks subject matter jurisdiction over this action.

**AS AND FOR THE SECOND DEFENSE**

85. The Complaint fails to state a claim upon which relief can be granted.

**AS AND FOR THE THIRD DEFENSE**

86. Plaintiff lacks standing to assert some or all of its alleged claims and/or to seek some or all of the relief sought in the Complaint.

**AS AND FOR THE FOURTH DEFENSE**

87. Plaintiff's claims for recovery are barred in whole or in part because Plaintiff failed to mitigate its injuries.

**AS AND FOR THE FIFTH DEFENSE**

88. Defendant has not violated or deprived Plaintiff of any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, or any political subdivisions thereof.

WHEREFORE, Defendant respectfully requests that the Court enter judgment in her favor, dismissing all claims against her with prejudice, and granting costs and other relief as the Court may deem just and proper.

Dated: New York, New York
October 13, 2026

Respectfully submitted,

LETITIA JAMES
Attorney General
State of New York

/s/

Yuval Rubinstein
Special Litigation Counsel
28 Liberty Street
New York, New York 10005
(212) 416-8673
yuval.rubinstein@ag.ny.gov