GIBSON DUNN

Jay P. Srinivasan
Partner
T: +1 213.229.7296
M: +1 310.990.9508
jsrinivasan@gibsondunn.com

October 22, 2026

Honorable Valerie Caproni
United States District Court
Southern District of New York
500 Pearl Street, Chambers 1930
New York, NY 10007

**Re: RealPage, Inc. v. James, No. 25-cv-9847-VEC**

Dear Judge Caproni:

Plaintiff RealPage, Inc. ("RealPage") and Defendant Letitia James, in her official capacity as New York State Attorney General ("Defendant") jointly make this submission pursuant to the Court's Opinion & Order, issued on September 29, 2026 (Dkt. 52), and its Notice of Initial Pretrial Conference, issued on December 2, 2026 (Dkt. 15). The Parties also are filing concurrently the Case Management Plan based on the Court's template referenced in the Notice of Initial Pretrial Conference. Dkt. 15 at 2.

**Description of the Case**

*Plaintiff's Position*

RealPage provides revenue management software ("RMS") that, among other things, generates recommendations for rental prices for owners and managers of residential multifamily housing. RealPage's RMS uses only a customer's own data together with publicly available data when making such recommendations. The software's recommendations are advisory; property managers remain free to, and often do, accept, reject, or modify them.

On October 16, 2025, New York enacted S.7882, codified at N.Y. Gen. Bus. Law § 340-b (the "Statute"). Section 2 of the Statute makes it unlawful to facilitate an agreement among residential landlords through software that performs a "coordinating function," and Section 3 deems it an unlawful agreement for a landlord to set or adjust rental terms based on recommendations from such software. The Statute's definition of "coordinating function" draws no distinction between software that relies on public data versus software that relies on competitors' non-public data, and it exempts software that makes recommendations in the context of affordable housing programs and units subject to rent stabilization. Violations carry civil penalties of up to $1 million per act as well as criminal liability.

RealPage filed suit on November 26, 2025, challenging the Statute under 42 U.S.C. § 1983 for violation of the First Amendment, facially and as applied to RealPage and its customers. RealPage seeks a declaration under 28 U.S.C. § 2201 that the Statute is invalid, preliminary and permanent injunctive relief against enforcement by Defendant, the Attorney General of New York, and fees under § 1988. RealPage contends that its software-generated recommendations are protected speech, and that the Statute restricts that speech on the basis of its content (recommendations regarding rental terms), viewpoint (through its carve-out for State-preferred rent programs), and speaker (landlords may not receive what tenants may). The Statute impermissibly bans landlords from receiving and acting on analysis of public data they may lawfully consider by any other means. RealPage further contends the Statute is facially overbroad, reaching a substantial amount of protected speech relative to any legitimate sweep.

On November 26, 2025, RealPage filed a Motion for Preliminary Injunction, requesting the Court to preliminarily enjoin Defendant from enforcing the Statute. On September 29, 2026, the Court issued an Opinion & Order granting the injunction and preliminarily enjoining Defendant from enforcing Section 3 of the Statute.

*Defendant's Position*

Defendant submits that Plaintiff lacks standing to represent third parties who are not named plaintiffs. Moreover, Plaintiff's First Amendment claim is deficient as a matter of law, as Plaintiff's conduct does not constitute protected speech, and S.7882 is a constitutional regulation of commercial speech.

**Contemplated Motions**

Both Parties contemplate filing a motion for summary judgment at the conclusion of expert discovery. Both Parties also may file, if appropriate, *Daubert* motions aimed at the other side's expert(s).

**Basis for Subject Matter Jurisdiction**

The Court has federal question jurisdiction under 42 U.S.C. § 1983 over Plaintiff's two causes of action.

**Prospect for Settlement**

The Parties have discussed settlement and will continue to discuss whether a mutually agreeable resolution is possible.

GIBSON DUNN



**Need for Rule 16 Conference**

The Parties do not believe a Rule 16 Conference is necessary and request the Court to order their Case Management Plan. The only aspect of the Case Management Plan that departs from the Court's instructions is the Parties' joint belief that 90 days should be allowed for expert discovery rather than 45 days. The basis for this expansion is that the Parties contemplate that a round of rebuttal reports may be necessary beyond the initial round of reports.

Sincerely,

GIBSON, DUNN & CRUTCHER LLP
FOR PLAINTIFF REALPAGE, INC.

Jay P. Srinivasan

LETITIA JAMES, IN HER OFFICIAL CAPACITY AS NEW YORK STATE ATTORNEY GENERAL

/s/ Yuval Rubinstein

Yuval Rubinstein