UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REALPAGE, INC.,

Plaintiff,

v.

LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,

Defendant.

Case No. 1:25-cv-09847-VEC

**PLAINTIFF REALPAGE, INC.'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 29, 2026 OPINION & ORDER**

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................1
BACKGROUND ........................................................................................................2
LEGAL STANDARD...................................................................................................3
ARGUMENT ...........................................................................................................4
I. The Court Did Not "Overlook" the Hoffmann Declaration, Which the Order Cites. ..............................................................................................4
II. The State's Arguments Were Either Made and Rejected, or Forfeited. ..................5
CONCLUSION ........................................................................................................7

# TABLE OF AUTHORITIES

## Cases

*Analytical Surveys, Inc. v. Tonga Partners, L.P.*,
684 F.3d 36 (2d Cir. 2012)....................5

*Bass v. Pershing*,
2026 WL 219009 (S.D.N.Y. Jan. 28, 2026)....................5

*Bhagat v. Shah*,
2026 WL 1999176 (S.D.N.Y. July 10, 2026)....................3

*Campbell v. N.Y.C. Transit Auth.*,
2015 WL 7455842 (E.D.N.Y. Nov. 23, 2015)....................4

*Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n of N.Y.*,
447 U.S. 557 (1980)....................1

*Mitura v. Finco Servs., Inc.*,
2024 WL 1160643 (S.D.N.Y. Mar. 18, 2024)....................5, 6

*In re Navidea Biopharms. Litig.*,
2025 WL 1221014 (S.D.N.Y. Apr. 24, 2025)....................4

*RealPage, Inc. v. James*,
___ F. Supp. 3d ___, 2026 WL 2922956 (S.D.N.Y. Sept. 29, 2026)....................1, 2, 3, 4, 5, 6

*Safelite Grp., Inc. v. Jepsen*,
764 F.3d 258 (2d Cir. 2014)....................6

*Shrader v. CSX Transp., Inc.*,
70 F.3d 255 (2d Cir. 1995)....................6

*Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Vill. of Stratton*,
536 U.S. 150 (2002)....................6

## Statutes

New York General Business Law § 340-b....................1, 2, 4, 6

## PRELIMINARY STATEMENT

After months of careful deliberation, based on two fully briefed motions, multiple declarations, and two rounds of supplemental authority letters, this Court granted RealPage's motion for a preliminary injunction as to Section 3 of New York General Business Law § 340-b (the "Statute"). The Court determined that the State had failed to satisfy the fourth prong of the standard set forth in *Central Hudson Gas & Electric Corp. v. Public Service Commission of New York*, 447 U.S. 557 (1980), and its progeny, which requires a "reasonable fit between the legislature's ends and the means chosen to accomplish those ends." *RealPage, Inc. v. James*, ___ F. Supp. 3d ___, 2026 WL 2922956, at *10 (S.D.N.Y. Sept. 29, 2026) ("Order") (quoting *Anderson v. Treadwell*, 294 F.3d 453, 462 (2d Cir. 2002)). The Court further held that the State's "affirmative argument regarding reasonable fit is bare bones" and "insufficient at this stage of the litigation." *Id.*

The State asks this Court to reconsider that ruling based on nothing more than speculation that the Court "overlooked" two paragraphs of the Declaration of Elinor Hoffmann, Dkt. 41. Dkt. 57 (the "Motion"). The State, however, ignores that the Court cited the Hoffmann Declaration in its Order, cited and discussed the section of the State's brief that relied on those paragraphs of the Hoffmann Declaration, and found the State's argument failed nonetheless. Nothing suggests the Court "overlooked" anything. The State simply disagrees with the Court's conclusion, which is not a proper basis for reconsideration. While the State is entitled to appeal the Court's Order, it is not entitled to relitigate a motion that it lost when there are neither new facts nor new law.

In any case, nothing in the Hoffmann Declaration changes the result. The Court correctly concluded that Section 3 of the Statute "likely prohibits a substantial amount of protected speech relative to its legitimate sweep." *RealPage*, 2026 WL 2922956, at *10 (quotation marks omitted).

The Hoffmann Declaration does not justify prohibiting protected speech, including "considering prices charged by competitors when deciding how to price one's own product," "just because it is facilitated by software." *Id.*

The Motion should be denied.

**BACKGROUND**

Section 3 of the Statute is targeted at "residential rental property owners and managers." *RealPage*, 2026 WL 2922956, at *2. It deems it an unlawful agreement for a landlord to act on recommendations provided by software "performing a coordinating function." *Id.* RealPage sued to enjoin the Statute, which unlawfully targets speech in the form of recommendations from software offered by businesses like RealPage, and moved for a preliminary injunction. Dkt. 1, Dkt. 20. Among other things, RealPage argued that the State could not satisfy *Central Hudson*'s reasonable-fit inquiry because RealPage's "current software does not use any non-public competitor data." Dkt. 20 at 23.

The State opposed the motion and cross-moved to dismiss. Dkt. 40 ("State's Brief"). It spent nearly two pages arguing that the Statute satisfied *Central Hudson*'s reasonable-fit requirement. State's Brief at 19–20. In that discussion, the State specifically argued that it was "reasonable" for the Statute to ban advice based on public data as well as non-public data—and cited paragraphs 14 and 15 of the Hoffmann Declaration to support that argument. State's Brief at 20 (citing Hoffmann Declaration ¶¶ 14–15). Those are the paragraphs the State now insists the Court "overlooked."

On September 29, 2026, the Court issued an order enjoining enforcement of Section 3 and denying the State's motion to dismiss. *RealPage*, 2026 WL 2922956, at *13. The Court cited the Hoffmann Declaration in its Order while discussing the distinction between public and non-public

data. *Id.* at *2. The Court observed that, under *Central Hudson*, the State bore the burden to "affirmatively establish" a "reasonable fit." *Id.* at *10 (quoting *DoorDash, Inc. v. City of N.Y.*, 185 F.4th 1, 9 (2d Cir. 2026)). The Court acknowledged that the State asserted that its "interests in enacting the Statute . . . are accomplished through 'the legislature's focused targeting of the coordination function' of certain software." *Id.* (citing State's Brief at 19–20). But the Court held that the State had made only a "bare bones" showing that was "insufficient at this stage of the litigation" because it was "easy to imagine . . . less restrictive means" such as "limit[ing] the prohibition" to the use of "non-public data from horizontal competitors." *Id.* And the Court noted that, "[m]oving forward," the State should be prepared to explain why it was reasonable for the Statute to ban recommendations based on public data. *Id.* at *9 n.10, *10.

Fourteen days later, the State moved for reconsideration. Dkt. 56. It seeks reconsideration based only on the claim that the Court "overlooked" the Hoffmann Declaration, even though the Court cited that declaration in its Order. Motion at 1, 3.

## **LEGAL STANDARD**

"The standard for granting [a reconsideration] motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Bhagat v. Shah*, 2026 WL 1999176, at *1 (S.D.N.Y. July 10, 2026) (quoting *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995)). Reconsideration "is an 'extraordinary remedy to be employed sparingly,'" and "success requires that the movant carry a heavy burden." *Id.* (quoting *In re Beacon Assocs. Litig.*, 818 F. Supp. 2d 697, 701 (S.D.N.Y. 2011)). Local Civil Rule 6.3, which governs motions for reconsideration, "prevent[s] the practice

of a losing party examining a decision and then plugging the gaps of a lost motion with additional matters." *In re Navidea Biopharms. Litig.*, 2025 WL 1221014, at *3 (S.D.N.Y. Apr. 24, 2025).

## ARGUMENT

### I. The Court Did Not "Overlook" the Hoffmann Declaration, Which the Order Cites.

The State argues that "the Order overlooked Elinor Hoffmann's January 6, 2026 declaration," which the State "cited . . . in explaining why the [Statute] satisfies *Central Hudson*'s fourth prong." Motion at 3 (citing State's Brief at 20). The State's speculation is undermined by the Order itself.

To prevail on a motion for reconsideration based on the claim that the Court "overlooked" a declaration, the State "must show that [the Court] overlooked factual matters entirely—simply arguing that the discussion of those matters was inadequate will not suffice." *Campbell v. N.Y.C. Transit Auth.*, 2015 WL 7455842, at *7 (E.D.N.Y. Nov. 23, 2015). The State cannot meet that standard. The Court *cited* the Hoffmann Declaration in the Order, including the paragraph immediately preceding the two paragraphs the State says the Court overlooked. *See RealPage*, 2026 WL 2922956, at *2 (citing Hoffmann Declaration ¶ 13). In discussing *Central Hudson*'s fourth prong, the Court cited and quoted the pages of the State's Brief that cite the relevant paragraphs of the Hoffmann Declaration. *Id.* at *10 (citing State's Brief at 19–20). And the Court expressly rejected the State's argument regarding public and non-public data—an argument supported in its brief by citing paragraphs 14 and 15 of the Hoffmann Declaration. The Court instead held that Section 3 "likely 'prohibits a substantial amount of protected speech' relative to its legitimate sweep" because it "is undiscerning in targeting software without regard to its use of public versus non-public data." *Id.* (quoting *United States v. Williams*, 553 U.S. 285, 292 (2008)).

The Order makes clear that the Court "is and was aware" of the Hoffmann Declaration and simply did not find it persuasive. *Mitura v. Finco Servs., Inc.*, 2024 WL 1160643, at *3 n.4

(S.D.N.Y. Mar. 18, 2024). Where, as here, "[a] party's fundamental disagreement" is "with a court's legal analysis and conclusions as to a matter fully considered," that "does not serve as sufficient ground to warrant reconsideration of the court's decision." *Bass v. Pershing*, 2026 WL 219009, at *3 (S.D.N.Y. Jan. 28, 2026) (citation omitted). The Motion should be denied.

## II. The State's Arguments Were Either Made and Rejected, or Forfeited.

A motion for reconsideration that "consists almost entirely of arguments that the Court has already considered and rejected" should be denied. *Bass*, 2026 WL 219009, at *2; *see Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (reconsideration is not a "second bite at the apple") (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)). That's exactly what the State's Motion does, as it simply reiterates the arguments the State already made about *Central Hudson*'s fourth prong in almost the same words. *Compare* Motion at 3 ("either type of data, utilizing the software's 'coordinating function,' can potentially be utilized by landlords"; "the distinction between 'public' and 'private' data is also difficult to draw"), *with* State's Brief at 20 ("regulation of both non-public and public data is likewise reasonable, as both types of data may be fed into an algorithm to generate price recommendations"; "[t]he distinction between 'public' and 'non-public' is difficult to draw in any case"). The Court already considered and rejected these arguments. *RealPage*, 2026 WL 2922956, at *10 (citing State's Brief at 19–20). That is the paradigm of an improper motion for reconsideration. *See Bass*, 2026 WL 219009, at *2.

The remainder of the Motion presents the same argument dressed up in new language. The State now emphasizes that the Statute was "designed, in part, to rectify an information asymmetry between landlords and renters"—an asymmetry that, it says, applies to both "nonpublic and public" data. Motion at 3 (citing Hoffmann Declaration ¶ 14). The State never raised information asymmetry in its briefs opposing RealPage's preliminary injunction motion or supporting its

motion to dismiss. But regardless, this new framing relies on the same paragraphs of the Hoffmann Declaration that the State already cited to the Court. *See* State's Brief at 20. And to the extent the State's reframing amounts to a new argument, that is another reason to deny the Motion. A motion for reconsideration "may not advance new facts, issues, or arguments not previously presented to the court." *Mitura*, 2024 WL 1160643, at *1 (quoting *Butler v. City Sch. Dist. of New Rochelle*, 2020 WL 6639121, at *1 (S.D.N.Y. Nov. 12, 2020)).

Even if the Court had overlooked paragraphs 14 and 15 of the Hoffmann Declaration, they would not alter the result. *See Shrader*, 70 F.3d at 257. The State's concession that landlords "acting individually, can continue to search public sources," Motion at 3, confirms that Section 3 prohibits lawful conduct merely because it "is facilitated by software," *RealPage*, 2026 WL 2922956, at *10. And the Declaration's statement that the software's "coordinating function" is "harmful to tenants and to the public," Hoffmann Declaration ¶ 15, is a conclusion, not evidence that imposing a felony conviction for use of RealPage's software satisfies *Central Hudson*'s "reasonable fit" requirement. The Declaration itself says only that the Statute "*appears* designed, in part, to rectify an information asymmetry between landlords and renters." Hoffmann Declaration ¶ 14 (emphasis added). And the State cannot salvage the Statute through an after-the-fact, made-for-litigation rationale when the Legislature did not identify it and the State did not previously argue it. *See Safelite Grp., Inc. v. Jepsen*, 764 F.3d 258, 265 (2d Cir. 2014) ("we are skeptical that the government's asserted consumer protection interests are genuine and not merely post-hoc rationalizations"); *see also Watchtower Bible & Tract Soc'y of N.Y., Inc. v. Vill. of Stratton*, 536 U.S. 150, 169 (2002) (Breyer, J., concurring) (the "'crime prevention' justification for this ordinance is not a strong one . . . there is no indication that the legislative body that passed the ordinance considered this justification.").

## CONCLUSION

The Court should deny the State's motion for reconsideration.

Respectfully submitted,

October 27, 2026

By: s/ *Theodore J. Boutrous Jr.*

Theodore J. Boutrous Jr.
tboutrous@gibsondunn.com
Jay P. Srinivasan (*pro hac vice*)
jsrinivasan@gibsondunn.com
Bradley J. Hamburger (*pro hac vice*)
bhamburger@gibsondunn.com
Alexander N. Harris (*pro hac vice*)
aharris@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
333 South Grand Avenue
Los Angeles, CA 90071-3197
Telephone: 213.229.7000

Connor S. Sullivan
cssullivan@gibsondunn.com
Jacob U. Arber
jarber@gibsondunn.com
Michael Klurfeld
mklurfeld@gibsondunn.com
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166-0193
Telephone: 212.351.4000

*Attorneys for Plaintiff RealPage, Inc.*

**WORD COUNT CERTIFICATION**

I, Theodore J. Boutrous Jr., an attorney duly admitted to practice law before this Court, hereby certify pursuant to this Court's Local Civil Rules 6.3 and 7.1(c) that this memorandum of law complies with the 3,500-word limit set forth in this Court's Local Civil Rule 6.3 because it contains 1,937 words, excluding the parts of the memorandum exempted from the word limit by Local Civil Rules 6.3 and 7.1(c). In preparing this certification, I have relied on the word count of the word-processing system used to prepare this memorandum of law.

Dated: New York, New York
October 27, 2026

s/ *Theodore J. Boutrous Jr.*
Theodore J. Boutrous Jr.