UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| REALPAGE, INC.,<br><br>Plaintiff,<br><br>- against -<br><br>LETITIA JAMES, in her official capacity as the Attorney General of the State of New York,<br><br>Defendant. | Case No. 1:25-cv-9847 (VEC) |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S SEPTEMBER 29, 2026 OPINION & ORDER**

LETITIA JAMES
New York Attorney General
28 Liberty Street
New York, New York 10005
Tel.: (212) 416-8673

Yuval Rubinstein
Special Litigation Counsel
of Counsel

# TABLE OF CONTENTS

**Page**

ARGUMENT .......... 1

CONCLUSION .......... 4

# TABLE OF AUTHORITIES

**CASES** **Page(s)**

*Cain v. United Mortgage Corp.*, No. 21-3325, 2025 WL 3165670 (E.D.N.Y. Nov. 13, 2025) ....................2

*Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557 (1980) ....................1, 3, 4

*In re MTBE Products Liability Litigation*, No. 00-1898, 2015 WL 4939602 (S.D.N.Y. Aug. 19, 2015) ....................2

*Real Estate Board of New York, Inc. v. City of New York*, 182 F.4th 140 (2d Cir. 2026)....................3, 4

*Safelite Group, Inc. v. Jepsen*, 764 F.3d 258 (2d Cir. 2014) ....................3

*Softview Computer Products Corp. v. Haworth, Inc.*, No. 97-8815, 2000 WL 943415 (S.D.N.Y. July 10, 2000)....................2

**STATE STATUTES**

N.Y. Gen. Bus. Law § 340-b ....................1

N.Y Gen. Bus. Law § 340-b(3). ....................1, 3

Defendant Letitia James ("Defendant"), in her official capacity as New York Attorney General, respectfully submits this reply memorandum of law in further support of her motion for reconsideration of the Court's September 29, 2026 Opinion & Order granting, in part, Plaintiff RealPage, Inc.'s ("Plaintiff") motion for a preliminary injunction (ECF No. 52) ("the Order"), pursuant to Local Civil Rule 6.3.

## ARGUMENT

### PLAINTIFF'S OPPOSITION FURTHER DEMONSTRATES THAT VACATUR OF THE PRELIMINARY INJUNCTION IS WARRANTED

The Court's September 29, 2026 Order determined that, under the fourth prong in *Cent. Hudson Gas & Elec. Corp. v. Pub. Serv. Comm'n*, 447 U.S. 557 (1980), Defendant had not established a "reasonable fit" between the prohibition of both nonpublic and public data in Section 3 of S.7882 (the "Act") and its legislative goals "based on the current record." Order at 20. But Defendant's motion for reconsideration respectfully noted that the Order had overlooked the two paragraphs in the January 6, 2026 declaration of Elinor R. Hoffmann ("Hoffmann Declaration") (ECF No. 41) that explained why the Act restricts both nonpublic and public data, and addressed the Court's concerns about the Act's sweep. ECF No. 57, Memorandum of Law in Support of Defendant's Motion for Reconsideration ("Def. Memo."). Defendant thus requested that the Court reconsider its Order and vacate the preliminary injunction as to Section 3.

Plaintiff's opposition effectively concedes Defendant's core argument: Plaintiff merely notes that the Order cited to other paragraphs in the Hoffmann Declaration, including the paragraph "immediately preceding" paragraphs 14 and 15. ECF No. 60, Plaintiff's Memorandum of Law in Opposition ("Pl. Opp.") at 4. But Plaintiff fails to articulate any cogent argument as to why reconsideration is unwarranted where a court order overlooks the relevant portion of a document, even if other portions of the document are cited. Indeed, courts within the Second Circuit have

routinely granted reconsideration on this basis. *See In re MTBE Products Liability Litigation*, No. 00-1898, 2015 WL 4939602, at *2 (S.D.N.Y. Aug. 19, 2015) (summary judgment decision "overlooked and misconstrued portions of… testimony"); *Softview Computer Products Corp. v. Haworth, Inc.*, No. 97-8815, 2000 WL 943415, at *4 (S.D.N.Y. July 10, 2000) (discovery order overlooked portions of letters which contained privileged communications); *Cain v. United Mortgage Corp.*, No. 21-3325, 2025 WL 3165670, at *2 (E.D.N.Y. Nov. 13, 2025) (summary judgment decision overlooked portion of defendants' brief that addressed one of plaintiff's claims).

Plaintiff's remaining arguments are similarly unavailing. Plaintiff erroneously asserts that the Order "cited and quoted the pages of the State's brief" that cited to the relevant paragraphs of the Hoffmann Declaration. Pl. Opp. at 4. In fact, the Order was referencing Defendant's argument that it was reasonable for the Legislature to bolster the Donnelly Act to account for new technologies. Order at 19 (quoting ECF No. 40, Defendant's Memorandum of Law in Opposition to Plaintiff's Motion for Preliminary Injunction, at 19-20). However, the Order did not address Defendant's argument on page 20, which expressly addressed the Act's prohibition of both nonpublic and public data and cited to paragraphs 14 and 15 of the Hoffmann Declaration. Plaintiff's bald assertion that the Order "already considered and rejected [Defendant's] arguments," Pl. Opp. at 5, is plainly incorrect.

In addition, Plaintiff contends that Defendant's January 9, 2026 memorandum never raised the argument that the Act addresses an "information asymmetry between landlords and renters." Pl. Opp. at 5-6. But Defendant's January 9, 2026 memorandum cited to paragraph 14 of the Hoffmann Declaration, which emphasized this information asymmetry. ECF No. 40, at 20. It is immaterial that Defendant's memorandum did not quote directly from paragraph 14 of the declaration. Plaintiff is similarly mistaken in claiming that Defendant's discussion of paragraph 14

in this motion "amounts to a new argument," Pl. Opp. at 6, given Defendant's prior citation to the paragraph in the January 9, 2026 memorandum.

Finally, Plaintiff contends that reconsideration should be denied even if the Order overlooked paragraphs 14 and 15 of the Hoffmann Declaration, Pl. Opp. at 6, but Plaintiff's arguments are meritless. First, Plaintiff claims Defendant's motion somehow concedes that Section 3 of the Act prohibits lawful conduct facilitated by software. Pl. Opp. at 6. To the contrary, Defendant was emphasizing that landlords can continue to search public sources to set rents and terms so long as they do *not* utilize the algorithmic "coordinating function" that is harmful to tenants and the public. Def. Memo. at 3 (citing Hoffman Decl., ¶ 15).

Nor is there any merit to Plaintiff's assertion that the Hoffmann Declaration provides an "after-the-fact" rationale that was not identified by the Legislature and does not satisfy Defendant's burden under *Central Hudson*. Pl. Opp. at 6. As a threshold matter, Plaintiff failed to raise this argument in its *28-page* memorandum filed on February 9, 2026 (ECF No. 45), and it is wholly improper for Plaintiff to belatedly raise this argument for the first time in its opposition to the present motion.

The Hoffmann Declaration is fully in harmony with the Act's legislative history in any case. ECF No. 21-1, at 145, 156, 163 (Assembly sponsor explaining why the Act encompasses both nonpublic and public data that may be utilized to hike rents). Moreover, Plaintiff fails to cite any authority supporting its assertion that the Hoffmann Declaration is insufficient to satisfy *Central Hudson*'s fourth prong.[1] *See, e.g., Real Estate Board of New York, Inc. v. City of New York*,

[1] Plaintiff cites to *Safelite Group, Inc. v. Jepsen*, 764 F.3d 258, 265 (2d Cir. 2014), in which the Second Circuit held that Connecticut's "post-hoc rationalizations" for the challenged statute failed to satisfy its burden under *Central Hudson*'s second and third prongs. Yet the Order determined that Section 3 of the Act satisfies both prongs. Order at 17-19. In addition, the Second Circuit faulted Connecticut for proffering a rationalization that was at odds with "record evidence that the legislation at issue was designed to benefit [plaintiff's] competitors[.]" *Id.* Plaintiff does not assert that the Hoffmann Declaration contradicts the legislative history.

182 F.4th 140, 160-61 (2d Cir. 2026) (addressing burden under *Central Hudson*'s fourth prong). Hoffmann's unrebutted declaration, which amplifies the Act's legislative history, is sufficient to establish that the State "developed a regulation that is a reasonable way to address the problem it has identified." *Id.* (cleaned up). Accordingly, the "fourth and final prong of the *Central Hudson* test is satisfied." *Id.* at 161.

## CONCLUSION

For the reasons set forth above and in the opening memorandum, Defendant respectfully requests that the Court grant her motion for reconsideration of the September 29, 2026 Order to the extent the Order granted Plaintiff's motion for a preliminary injunction as to Section 3 and vacate the preliminary injunction, together with such other and further relief as the Court deems just and proper.

Dated: New York, New York
November 3, 2026

Respectfully submitted,

LETITIA JAMES
New York Attorney General
By:
/s/
Yuval Rubinstein
Special Litigation Counsel
28 Liberty Street
New York, New York 10005
(212) 416-8673
yuval.rubinstein@ag.ny.gov

**CERTIFICATION**

In accordance with Rule 6.3 of the Local Rules of the Southern and Eastern Districts of New York, I hereby certify that the foregoing Reply Memorandum of Law in Further Support of Defendant's Motion for Reconsideration contains 1, 118 words, exclusive of the caption, table of contents, table of authorities, and signature block, as established using the word count function of Microsoft Word.

____/s/_____________
Yuval Rubinstein